UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LENOVO (UNITED STATES) INC.,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY PATENTS, LLC,<br><br>Defendant. | Case No. 5:21-cv-8<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Lenovo (United States) Inc. ("Lenovo US") hereby brings this Complaint for

Declaratory Judgment against Defendant Liberty Patents, LLC ("Liberty"), and alleges as follows:

## I. THE PARTIES

1. Lenovo US is a corporation organized and existing under the laws of Delaware with

its principal place of business at 8001 Development Drive, Morrisville, NC 27560.

2. On information and belief, Liberty is a Texas limited liability company with a

principal place of business at 2325 Oak Alley, Tyler, TX 75703.

## II. NATURE OF THE CASE

3. Lenovo US seeks a declaratory judgment that it does not infringe (and has not

infringed) U.S. Patent Nos. 6,535,959 ("the '959 Patent"), 6,920,573 ("the '573 Patent"), and

7,493,612 ("the '612 Patent") (collectively, "the patents-in-suit").  True and correct copies of the

'959 Patent, the '573 Patent, and the '612 Patent are attached as Exhibit A, Exhibit B, and

Exhibit C, respectively.

4. This relief is necessary because Liberty has filed a lawsuit in the U.S. District Court

for the Eastern District of Texas alleging infringement of the patents-in-suit in a case captioned

*Liberty Patents, LLC v. Lenovo Group Ltd. et al.*, Case No. 2:20-cv-314 (the "Texas Lawsuit"). A true and correct copy of the Complaint from the Texas Lawsuit is attached as Exhibit D. Liberty names several foreign Lenovo affiliates—Lenovo Group Ltd., Lenovo (Shanghai) Electronics Technology Co., Ltd., Lenovo Information Products (Shenzhen) Co. Ltd., and LCFC (Hefei) Electronics Technology Co., Ltd. (the "Lenovo Texas Defendants")—as defendants in the Texas Lawsuit. The Texas Lawsuit alleges infringement of the patents-in-suit by certain Lenovo-branded laptops and tablets that are imported, sold, distributed and marketed in the United States (the "Accused Lenovo Products"). *See* Exhibit D at ¶¶ 40, 54, and 77. However, Lenovo US—not the foreign entities named as defendants in the Texas Lawsuit—is the real party-in-interest, as it is solely responsible for importing, selling, distributing, and marketing the Accused Lenovo Products in the United States. Lenovo US was omitted from the Texas Lawsuit because its joinder would have defeated venue in that forum. Liberty's intentional omission of Lenovo US from the Texas Lawsuit is intended to circumvent the U.S. Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, which held that venue in patent cases is limited to a defendant's state of incorporation or where the defendant has committed acts of alleged infringement and has a regular and established place of business.

5.      Upon information and belief, Liberty purports to be the owner of the patents-in-suit with all substantial rights to them, including the exclusive right to enforce, sue, and recover damages for past and future infringement. *See* Exhibit D at ¶¶ 39, 53, 76.

6.      Upon information and belief, Liberty has never practiced the patents-in-suit. Instead, Lenovo US is informed and believes that Liberty operates primarily as a patent licensing entity. Upon information and belief, Liberty has asserted, and continues to assert, the patents-in-suit and other patents against technology companies and has done so since at least September 2020.

7.      In the Texas Lawsuit, Liberty accuses the Lenovo Texas Defendants "and their affiliates"—which includes Lenovo US—of infringing the patents-in-suit by at least "making, importing, offering to sell, selling, and using" the Accused Lenovo Products in the United States. Liberty alleges that the Lenovo Texas Defendants and their affiliates "are part of the same corporate structure and distribution chain for the making, importing, offering to sell, selling, and using of the accused devices in the United States," that they "share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms, and accused product lines and products involving related technologies," and that they "operate as a unitary business venture and are jointly and severally liable for the acts of patent infringement" alleged in the Texas Lawsuit. *See* Exhibit D at ¶¶ 11-13. Liberty seeks a "permanent injunction" against the Lenovo Texas Defendants and their affiliates from engaging in the allegedly infringing activities. *Id.* at Prayer for Relief.

8.      Neither Lenovo US, nor the Accused Lenovo Products, infringe the patents-in-suit. Lenovo US contends that they have the right to make, use, sell, and/or offer to sell in the United States and import into the United States the Accused Lenovo Products.

9.      As a result of Liberty's assertions of its patent rights against Lenovo US and the Accused Lenovo Products and the belief of Lenovo US in its right to engage in its business activities related to the Accused Lenovo Products without a license to the patents-in-suit, an actual controversy exists between Lenovo US and Liberty as to whether Lenovo US, and the Accused Lenovo Products, directly or indirectly infringe the patents-in-suit. Therefore, a substantial, continuing, and justiciable controversy exists between Lenovo US and Liberty.

3

### III. THIS IS THE PROPER FORUM TO RESOLVE THE DISPUTE

10.     Lenovo US and this forum have the strongest interests in the current dispute and in adjudicating that neither Lenovo US nor the Accused Lenovo Products infringe any claim of the patents-in-suit.  As described below, the scheme employed by Liberty and the assignor of the patents, Intellectual Ventures, to litigate the patents-in-suit in the Eastern District of Texas without the participation of Lenovo US, is intended to subvert the rules of venue and personal jurisdiction in patent cases, *e.g.,* as expressed by the U.S. Supreme Court in *TC Heartland LLC v. Kraft Foods Group Brands LLC.*

11.     The Eastern District Court of Texas has no personal jurisdiction over the Lenovo Texas Defendants, nor is there any legally cognizable claim for infringement of the patents-in-suit against those foreign entities.  The Lenovo Texas Defendants are each incorporated in China or Hong Kong and each have their principal place of business in China or Hong Kong.  The Lenovo Texas Defendants do not manufacture, sell, offer for sale, or import the Accused Lenovo Products in the United States and do not purposefully direct any such activities at the residents of Texas. Because the Lenovo Texas Defendants do not engage in any allegedly infringing activity in the United States related to the Accused Lenovo Products, and none of the Lenovo Texas Defendants is incorporated in Texas, has a principal place of business in Texas, or purposefully direct any infringing activities to Texas, there is no personal jurisdiction over these entities in Texas, nor is there any legally cognizable claim for infringement of the patents-in-suit against them.

12.     The Accused Lenovo Products are manufactured overseas, not in the United States. Lenovo US is solely responsible for importing, selling, distributing, and marketing the Accused Lenovo Products in the United States.  Nevertheless, Liberty did not name Lenovo US as a defendant in the Texas Lawsuit, for the apparent and sole reason that venue over Lenovo US does

not exist in the Eastern District of Texas. Lenovo US has no regular and established place of business in the Eastern District of Texas, so joining Lenovo US to the Texas Lawsuit would defeat venue. Liberty therefore tried to manufacture venue in the Eastern District of Texas by only naming as defendants Lenovo entities that reside outside the United States. Liberty intentionally omitted Lenovo US as a defendant in the Texas Lawsuit to further its blatant forum shopping, even though Lenovo US is the only Lenovo entity responsible for importing, selling, distributing, and marketing the Accused Lenovo Products in the United States.

13.     Lenovo US has its principal place of business in Morrisville, North Carolina. Accordingly, most of the party witnesses and documents relevant to this action and the alleged infringement of the patents-in-suit are located in the Eastern District of North Carolina, which is the most convenient and suitable forum for the adjudication of this action.

14.     Because Lenovo US is solely responsible for importing, selling, distributing, and marketing the Accused Lenovo Products in the United States, Lenovo US and this forum have the strongest interest in resolving the current dispute of whether Lenovo US and the Accused Lenovo Products infringe the patents-in-suit.

### IV.  FACTUAL BACKGROUND OF THE DISPUTE

#### A.     The Origins of Liberty Patents' Claims Against Lenovo

15.     Upon information and belief, the patents-in-suit were assigned to Liberty by Intellectual Ventures Assets 154 LLC, on December 30, 2019, as part of a larger portfolio of more than 100 patents, just eight days after Liberty's formation on December 22, 2019.  Through that assignment, upon information and belief, Liberty obtained all Intellectual Ventures' rights to causes of actions, enforcement, and all other rights to seek and obtain past damages.  Moreover, Lenovo US is informed and believes that Liberty paid only a nominal fee upfront for the patents

5

and has given Intellectual Ventures a security interest in the portfolio and/or in Liberty's proceeds from litigation or otherwise as security for the payment of the balance of the purchase price. Upon information and belief, Intellectual Ventures is entitled to at least a portion of the proceeds from Liberty's litigation, licensing, and other patent enforcement efforts.

16.     Beginning in at least September of 2013, Intellectual Ventures Management LLC and its affiliated entities ("Intellectual Ventures") initiated and engaged in patent licensing discussions and patent enforcement activities directed to Lenovo US in this District. These patent licensing discussions and patent enforcement activities included multiple in-person meetings between Intellectual Ventures and Lenovo US in this District, initiated by Intellectual Ventures, together with correspondence and telephonic conferences directed to Lenovo US in this District.

17.     On May 10, 2016, Intellectual Ventures filed a Complaint against Lenovo US and other defendants in the U.S. District Court for the District of Massachusetts alleging infringement of six U.S. patents. Plaintiffs have appealed an adverse judgment entered in that action to the U.S. Court of Appeals for the Federal Circuit, which appeal remains pending.

18.     After it filed litigation against Lenovo US in the U.S. District Court for the District of Massachusetts, Intellectual Ventures continued to direct its patent licensing discussions and patent enforcement activities to Lenovo US in this District. For example, on June 24-25, 2018, Intellectual Ventures reached out to Lenovo US in this District "to discuss licensing, sales, potential resolution of current issues, and potential collaboration going forward." Lenovo US declined to engage in further discussions at that time, on account of pending litigation filed by Intellectual Ventures against Lenovo and its affiliates.

19.     On June 29, 2018, four days after Intellectual Ventures unsuccessfully attempted to re-start licensing discussions with Lenovo and the "potential resolution of current issues," upon

information and belief, Intellectual Ventures assigned to American Patents LLC ("American Patents") a patent portfolio consisting of at least 18 patents. Upon information and belief, Jon Rowan is the sole owner and officer of American Patents. Lenovo US is informed and believes that American Patents operates primarily as a patent licensing entity. Lenovo US is informed and believes that American Patents gave Intellectual Ventures a security interest and/or other financial interest in the assigned patents and/or in American Patents' proceeds from litigation, licensing or other enforcement of the patent rights.

20.     On November 14, 2018, American Patents filed a patent infringement action against Lenovo Group, Ltd. and Lenovo (Shanghai) Electronics Technology Co. Ltd. in the U.S. District Court for the Western District of Texas alleging infringement of U.S. Patent Nos. 6,964,001, 7,836,371, 8,239,716, and 8,996,938 by Lenovo-branded tablet computers. Lenovo US is the entity solely responsible for all activities in the United States related to the Accused Lenovo Products, including the importation and sale of those products in the United States. Nevertheless, American Patents only sued Lenovo entities residing outside the United States for the apparent purpose of establishing venue in the Western District of Texas. Counsel for American Patents acknowledged to the Court that it did not add Lenovo US as a defendant in that action because its joinder would have defeated venue in that forum:

| THE COURT: | I am curious why when Lenovo is telling you that you can sue another Lenovo entity, why you would be uninterested in doing that. |
|---|---|
| MR. THOMPSON: | Your Honor, we're not uninterested in suing Lenovo U.S., but we do have a case involving several other defendants on the same technology for you in this Court. |
| THE COURT: | Right. |
| MR. THOMPSON: | And Lenovo U.S. very likely will have a defense under the *TC Heartland* [case] for improper venue, and, you know, Ms. Yip reserved that. |
| THE COURT: | Right. |
| MR. THOMPSON: | And so the question about going after Lenovo U.S. is that we would not potentially be able to do it in this Court. |
| THE COURT: | Right. |

American Patents, Lenovo Group, Ltd. and Lenovo (Shanghai) Electronics Technology Co. Ltd. filed a joint motion of dismissal of the litigation on November 11, 2019.

21.     Less than two months after the dismissal of the American Patents litigation, upon information and belief, Intellectual Ventures assigned to Liberty a patent portfolio consisting of at least 107 patents on December 30, 2019, which assignment included the patents-in-suit.  Upon information and belief, Jon Rowan—the sole owner and officer of American Patents— is also the sole owner and officer of Liberty.  Lenovo US is informed and believes that Liberty gave Intellectual Ventures a security interest and/or other financial interest in the assigned patents and/or in Liberty's proceeds from litigation, licensing or other enforcement of the patent rights.

22.     On September 28, 2020, Liberty filed a patent infringement action against Lenovo Group Ltd., Lenovo (Shanghai) Electronics Technology Co., Ltd., Lenovo Information Products (Shenzhen) Co. Ltd., and LCFC (Hefei) Electronics Technology Co., Ltd. in the U.S. District Court for the Eastern District of Texas alleging infringement of U.S. Patent Nos. 6,535,959, 6,920,573 and 7,493,612 by Lenovo-branded laptop and Chromebook computers (noted above as the "Texas

8

Lawsuit"). Liberty is represented by the same counsel that represented American Patents in its prior litigation against Lenovo entities. As in the prior American Patents litigation, Lenovo US is the entity solely responsible for all activities in the United States related to the Accused Lenovo Products, including the importation and sale of those products in the United States. Nevertheless, Liberty only sued Lenovo entities residing outside the United States for the apparent purpose of establishing venue in the Eastern District of Texas. Upon information and belief, Liberty did not add Lenovo US as a defendant because its joinder would have defeated venue in that forum, as counsel for Liberty acknowledged to the Court in the American Patents case.

23.    Upon information and belief, Defendant Liberty and American Patents are patent holding companies that were organized in Texas by Jon Rowan. These and other patent assertion entities ("PAEs") serve as vehicles that allow Intellectual Ventures to indirectly assert patents against Lenovo US and other companies in the U.S. District Courts for the Western and Eastern Districts of Texas, both to generate licensing revenue and as part of a larger scheme to coerce Lenovo US and other companies to enter into broad portfolio licenses with Intellectual Ventures.

**B.    The Scheme Between Intellectual Ventures and Liberty Patents to Avoid This Forum**

24.    As set forth above, Lenovo US is informed and believes that several entities have collaborated in creating a patent enforcement and licensing scheme that includes at least Intellectual Ventures, Jon Rowan, and PAEs created and controlled by Jon Rowan, such as American Patents and Liberty. On information and belief, this scheme involves pre-litigation threats and other patent licensing efforts made by Intellectual Ventures in this (and other) Districts. When a target licensee, such as Lenovo US, fails to take a portfolio license from Intellectual Ventures, Intellectual Ventures opts to (1) initiate patent litigation against the target and/or (2) transfer patents to PAEs for enforcement through litigation.

9

25.     As set forth above, after itself initiating unsuccessful patent litigation against Lenovo US, Intellectual Ventures divested and assigned different portfolios of patents, in a successive fashion, to commonly controlled PAEs including American Patents and Liberty.  Those PAEs then asserted patents against affiliated Lenovo entities, residing outside the United States, in successive litigation in the Western and Eastern Districts of Texas, where venue over Lenovo US would be improper, while seeking permanent injunctive relief that would encompass Lenovo US.  Under current rules of venue, the PAEs can establish venue in Texas by only suing foreign entities, as venue over a foreign entity is proper in any U.S. District Court.  But this has the effect of omitting U.S. companies, such as Lenovo US, who are engaged in all relevant business activities in the United States and who have the greatest interests to protect.

26.     On information and belief, under this coordinated scheme, some or all proceeds from the PAEs' litigation and/or licenses are paid to Intellectual Ventures through agreements between Intellectual Ventures and the PAEs.  On information and belief, this scheme is designed to allow Intellectual Ventures to enforce patents against the Lenovo family of companies through PAEs including American Patents and Liberty in the Western and Eastern Districts of Texas, receive proceeds from any resulting judgments or licenses, and use that litigation to try to leverage a broad portfolio license from the party absent from the Texas proceedings—Lenovo US.  Upon information and belief, this scheme is further intended to shield the PAEs from declaratory judgment jurisdiction in this and other districts outside of Texas.  This scheme seeks to subvert rules of personal jurisdiction and venue in a transparent effort at forum shopping, litigating in venues that are perceived to favor plaintiffs while preventing the participation of U.S. companies, such as Lenovo US, who are the most interested in defending the claims.

27.     The type of scheme implemented by Intellectual Ventures, Liberty, and others is predicated on improper gamesmanship and it undermines the ability of our judicial system to fairly adjudicate patent infringement claims against U.S. companies.   Lenovo US is filing this declaratory judgment action in its home forum so it can adjudicate non-infringement of the patents-in-suit, as Lenovo US is the party that is most interested in the adjudication of those claims.

## V.  JURISDICTION AND VENUE

28.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 *et seq.*, and seeks relief under the Federal Declaratory Judgment Act.

29.     Venue is proper in this district pursuant to at least 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claim occurred in this District.  At issue in this action is whether products made, sold, offered for sale, used and/or imported into the United States by Lenovo US infringe (or have infringed) the '959 Patent, the '573 Patent, and the '612 Patent. Lenovo US has its principal place of business in this District and many of the allegedly infringing activities have occurred in this District.

30.     Lenovo US imports, sells, offers to sell, markets, prices and distributes the Lenovo-branded products that Liberty accuses of infringing the patents-in-suit and is the only Lenovo-affiliated entity to do so.  As a result of Liberty's assertions of its patent rights against Lenovo US and the Accused Lenovo Products and the belief of Lenovo US in its right to engage in its business activities related to the Accused Lenovo Products without a license to the patents-in-suit, an actual controversy exists between Lenovo US and Liberty as to whether Lenovo US, and the Accused

Lenovo Products, directly or indirectly infringe the patents-in-suit. Therefore, a substantial, continuing, and justiciable controversy exists between Lenovo US and Liberty.

31.     As set forth above, Intellectual Ventures has engaged in substantial licensing and patent enforcement activities in North Carolina. Intellectual Ventures has purposefully directed sufficient activities to residents of this forum and within North Carolina to give rise to personal jurisdiction in this Court.

32.     As a result of the legal, contractual, and business relationship between Intellectual Ventures and Liberty, as set forth above, in which Intellectual Ventures and Liberty have collaborated in directing patent enforcement activities toward Lenovo US, Intellectual Ventures' contacts with North Carolina are imputed to Liberty for purposes of personal jurisdiction. For example, Lenovo US is informed and believes that Liberty paid only a nominal fee upfront for the patents and has given Intellectual Ventures a security interest in the portfolio and/or in Liberty's proceeds from litigation or otherwise as security for the payment of the balance of the purchase price. Upon information and belief, Intellectual Ventures is entitled to at least a portion of the proceeds from Liberty's litigation, licensing, and other patent enforcement efforts. In addition, or in the alternative, Intellectual Ventures' contacts with North Carolina can further be imputed to Liberty for purposes of personal jurisdiction under principles of joint enterprise, alliance, agency, ratification, and under the conspiracy theory of jurisdiction, based on the facts alleged above. The actual case or controversy arises out of and relates to the activities of Intellectual Ventures and Liberty directed to and within North Carolina and is sufficient to support the exercise of personal jurisdiction over Liberty in this Court.

## COUNT I

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '959 PATENT)

33. Lenovo US incorporates paragraph 1 through 32 of this Complaint as if set forth fully herein.

34. On information and belief, Liberty is the alleged owner of the '959 Patent. *See* Exhibit D at ¶ 39.

35. As described previously, Liberty alleges that the Accused Lenovo Products and the manufacture, sale, offer for sale, use and/or importation into the United States of the Accused Lenovo Products directly or indirectly (*e.g.*, by inducement and contribution) infringe the '959 Patent.

36. The Accused Lenovo Products do not directly or indirectly infringe, literally or under the doctrine of equivalents, any claim of the '959 Patent. Lenovo US, through its using, selling, offering to sell, and/or importing the Accused Lenovo Products into the United States, does not infringe and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '959 Patent.

37. Therefore, there is an actual, substantial, continuing, and justiciable controversy between Lenovo US and Liberty regarding whether the Accused Lenovo Products and Lenovo US infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '959 Patent.

38. Accordingly, Lenovo US is entitled to a declaratory judgment that the Accused Lenovo Products and Lenovo US have not infringed and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '959 Patent.

## COUNT II

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '573 PATENT)

39.     Lenovo US incorporates paragraph 1 through 38 of this Complaint as if set forth fully herein.

40.     On information and belief, Liberty is the alleged owner of the '573 Patent. *See* Exhibit D at ¶ 53.

41.     As described previously, Liberty alleges that the Accused Lenovo Products and the manufacture, sale, offer for sale, use and/or importation into the United States of the Accused Lenovo Products directly or indirectly (*e.g.*, by inducement and contribution) infringe the '573 Patent.

42.     The Accused Lenovo Products do not directly or indirectly infringe, literally or under the doctrine of equivalents, any claim of the '573 Patent.  Lenovo US, through its using, selling, offering to sell, and/or importing the Accused Lenovo Products into the United States, does not infringe and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '573 Patent.

43.     Therefore, there is an actual, substantial, continuing, and justiciable controversy between Lenovo US and Liberty regarding whether the Accused Lenovo Products and Lenovo US infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '573 Patent.

44.     Accordingly, Lenovo US is entitled to a declaratory judgment that the Accused Lenovo Products and Lenovo US have not infringed and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '573 Patent.

# COUNT III

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '612 PATENT)

45.     Lenovo US incorporates paragraph 1 through 44 of this Complaint as if set forth fully herein.

46.     On information and belief, Liberty is the alleged owner of the '612 Patent. *See* Exhibit D at ¶ 76.

47.     As described previously, Liberty alleges that the Accused Lenovo Products and the manufacture, sale, offer for sale, use and/or importation into the United States of the Accused Lenovo Products directly or indirectly (*e.g.*, by inducement and contribution) infringe the '612 Patent.

48.     The Accused Lenovo Products do not directly or indirectly infringe, literally or under the doctrine of equivalents, any claim of the '612 Patent.  Lenovo US, through its using, selling, offering to sell, and/or importing the Accused Lenovo Products into the United States, does not infringe and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '612 Patent.

49.     Therefore, there is an actual, substantial, continuing, and justiciable controversy between Lenovo US and Liberty regarding whether the Accused Lenovo Products and Lenovo US infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '612 Patent.

50.     Accordingly, Lenovo US is entitled to a declaratory judgment that the Accused Lenovo Products and Lenovo US have not infringed and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '612 Patent.

## RESERVATION OF RIGHTS

51.     Lenovo US hereby reserves its rights to supplement with additional claims or defenses as discovery proceeds in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Lenovo US respectfully prays for entry of judgment in its favor and against Liberty as follows:

A.      For judgment that the Accused Lenovo Products have not infringed and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '959 Patent, the '573 Patent, or the '612 Patent;

B.      For a preliminary and permanent injunction precluding Liberty, its officers, directors, employees, agents, and all other persons acting in concert or participation with them from suing for infringement or otherwise asserting infringement of the '959 Patent, the '573 Patent, or the '612 Patent by the Accused Lenovo Products or against Lenovo US;

C.      For costs and reasonable attorneys' fees incurred in connection with this and related actions to be paid by Liberty;

D.      For a finding that this case is exceptional under 35 U.S.C. § 285;

E.      An award of any and all equitable relief to which Lenovo US may be entitled; and

F.      For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Lenovo US hereby demands a jury trial on all issues so triable.

Dated: January 4, 2021

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Jacob S. Wharton
Jacob S. Wharton, NCSB No. 37421
One West 4th Street
Winston-Salem, North Carolina 27101
Telephone: (336) 747-6609
Facsimile: (336) 726-6985
E-mail: Jacob.Wharton@wbd-us.com

Hayden J. Silver III, NCBS No. 10037
Raymond M. Bennett, NCBS No. 36341
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2188
Email: Jay.Silver@wbd-us.com
        Ray.Bennett@wbd-us.com

Robert Benson (*Notice of Special Appearance forthcoming*)
ORRICK HERRINGTON & SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irvine, CA 92614
Telephone: (949) 567-6700
Email: rbenson@orrick.com

Jay Jurata (*Notice of Special Appearance forthcoming*)
Mel Bostwick (*Notice of Special Appearance forthcoming*)
ORRICK HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 339-8400
Email: jjurata@orrick.com
        mbostwick@orrick.com

*Attorneys for Defendant Lenovo (United States) Inc.*

17