UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-cv-00008

LENOVO (UNITED STATES) INC.,

    Plaintiff

  v.

LIBERTY PATENTS, LLC

    Defendant

REPORT OF THE PARTIES'
PLANNING MEETING
Fed. R. Civ. P. 26(f)

1. The following persons participated in a Rule 26(f) conference on April 12, 2020 by telephone:

   Robert Benson, Jeffrey Johnson and Bas de Blank, representing the plaintiff, Lenovo (United States) Inc.

   Zachariah S. Harrington, representing the defendant Liberty Patents, LLC

2. Initial Disclosures. The parties will complete by May 26, 2021 the initial disclosures required by Rule 26(a)(1).

3. Discovery Plan. The parties propose this discovery plan:

   (a) Discovery will be needed on these subjects: The Court's jurisdiction over Liberty Patents, LLC. Once Defendant Liberty Patents, LLC answers the complaint, discovery may be required on additional claims and defenses.

   (b) Discovery shall commence April 13, 2021 and shall be completed by the date set by the Court.

   (c) Absent stipulation between the parties or an order from the Court, each party shall serve no more than thirty (30) interrogatories, including all discrete subparts. The responding party must serve its answers and any objections within thirty (30) days after being served with the interrogatories.

   (d) Absent stipulation between the parties or an order from the Court, each party shall serve no more than thirty (30) requests for admission on substantive issues and can serve an unlimited number of requests seeking

1

the authentication of produced documents. The responding party must serve its answers and any objections within thirty (30) days after being served with the requests.

(e) Absent stipulation between the parties or an order from the Court, each party is entitled to depose up to five (5) fact witnesses of the opposing party. Each notice for a corporation to designate deponents only counts as one deposition and includes all corporate representatives so designated to respond. In addition, a party may depose third party witnesses pursuant to subpoenas and experts that submit reports or declarations.

(f) Unless otherwise stipulated or ordered by the court, a deposition is limited to one (1) day of seven (7) hours.

(g) Parties shall exchange reports of expert witnesses on issues for which the party bears the burden of proof by January 14, 2022 and responsive reports on issues for which the party does not bear the burden of proof by February 25, 2022.

(h) A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response (a) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (b) as ordered by the Court.

(i) The parties agree to the following procedures concerning the disclosure, discovery, or preservation of electronically stored information:

 i. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

 ii. Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

 (a) General Document Image Format. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the

TIFF files.  If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

(b)     **Text-Searchable Documents**.  No party has an obligation to make its production text searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

(c)     **Footer**.  Each document image shall contain a footer with a sequentially ascending production number.

(d)     **Native Files**.  A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

(e)     **No Backup Restoration Required.**  Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

(f)     **Voicemail and Mobile Devices**.  Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

iii.    These procedures may be modified in the court's discretion or by agreement of the parties.

(j) The parties jointly request that the Court enter the protective order attached as **Attachment A.**  This protective order addresses issues about claims of privilege or of protection as trial-preparation materials.  Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

4.    Other Items:

(a) The parties do not ask to meet with the Court before a scheduling order.

(b) The parties request a pretrial conference on or about September 6, 2022 or at the convenience of the Court.

(c) The last day for the plaintiff to amend pleadings or to join parties shall be thirty (30) days after the Court decides the pending motion to dismiss for lack of jurisdiction.

(d) The last day for the defendant to amend pleadings or to join parties shall be thirty (30) days after the Court decides the pending motion to dismiss for lack of jurisdiction.

(e) Dispositive motions shall be filed no later than April 18, 2022.

(f) The parties will meet and confer in good faith to discuss settlement, but it is premature to state the prospects for settlement.

(g) Once the pending motion to dismiss is resolved, the parties will seek to agree on a mediator and propose the timing of such a procedure.

(h) The final date for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists shall be August 12, 2022.

(i) The final date to file objections under Rule 26(a)(3) shall be August 26, 2022.

(j) The parties suggest trial begin on September 12, 2022 and anticipate that it will require approximately five days.

(k) There are no other matters at this time.

Respectfully submitted, this the 30th day of April, 2021.

**WOMBLE BOND DICKINSON (US) LLP**

/s/ *Jacob S. Wharton*
Hayden J. Silver III, NCSB No. 10037
Raymond M. Bennett, NCSB No. 36341
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Telephone: (919) 755-2188
Facsimile: (919) 755-6099
E-mail: Jay.Silver@wbd-us.com
Ray.Bennett@wbd-us.com

Jacob S. Wharton, NCSB No. 37421
One West 4th Street
Winston-Salem, North Carolina 27101
Telephone: (336) 747-6609
Facsimile: (336) 726-6985
E-mail: Jacob.Wharton@wbd-us.com

*Attorneys for Defendant Lenovo (United States), Inc.*


*/s/ Zachariah S. Harrington*
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Rehan M. Safiullah
Texas Bar No. 24066017
rehan@ahtlawfirm.com
**ANTONELLI, HARRINGTON
& THOMPSON LLP**
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000
Fax: (713) 581-3020

Peter D. Siddoway
NC Bar. No. 45647
psiddoway@sagepat.com
**SAGE PATENT GROUP**
4120 Main at North Hills Street, Suite 230
Raleigh, NC, 27609
(984) 219-3358
Fax: (984) 538-0416

*Attorneys for Liberty Patents LLC*